## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**Annette Minick**                                                                             **Plaintiff**

**v.**                           **CASE NO. 3:15CV00061 JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                          **Defendant**

## ORDER AFFIRMING THE COMMISSIONER

Annette Minick seeks judicial review of the denial of her application for disability insurance benefits (DIB). Minick applied for DIB on May 9, 2012, with an alleged onset date of April 30, 2012.[1] Minick's date last insured is December 31, 2016.[2] Minick last worked as a cashier and delivery driver in 2012.[3] She bases disability on diabetes, burning and tingling feet, stress, hypertension, thyroid disease and high blood pressure.[4]

**The Commissioner's decision.** The Commissioner's ALJ determined that Minick has not engaged in substantial gainful activity since the alleged onset date of April 30, 2012.[5] Minick has severe impairments - diabetes mellitus with neuropathy, lumbar degenerative disc disease and non-morbid obesity.[6] Minick's severe impairments do not meet the Listings.[7] Minick can perform light work with the following limitations:

---

[1]SSA record at pp. 113 & 146.

[2]*Id.* at p. 142.

[3]*Id.* at p. 31 .

[4]*Id.* at p. 146.

[5]*Id.* at p. 13.

[6]*Id.*

[7]*Id.* at p. 15.

- can lift and carry no more than twenty pounds at a time;

- can lift and carry up to ten pounds frequently;

- can perform activities that require a good deal of walking and standing six hours in an eight hour workday;

- no frequent bending;

- mentally restricted to semi-skilled work; and

- can perform work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience, involves several variables, uses judgment within limits and the supervision required is little for routine, but detailed for non-routine tasks.[8]

The ALJ held that Minick can perform past relevant work as a retail cashier because it does not require the performance of work-related activities precluded by the claimant's residual functional capacity (RFC).[9] Additionally, the ALJ held that Minick acquired work skills from past relevant work as a kitchen supervisor that are transferrable to other occupations.[10] The vocational expert (VE) testified that Minick's work skills would transfer to the positions of supply clerk, blood donor recruiter and appointment clerk, positions existing in significant numbers in the state and national economies.[11] Minick's application was denied.[12]

---

[8]*Id.*

[9]*Id.* at p. 19.

[10]*Id.* at p. 20.

[11]*Id.* at pp. 20-21.

[12]*Id.* at p. 21.

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review.[13] Minick filed this case to challenge the decision. In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14]

**Minick's allegations.** Minick maintains that the ALJ's denial of disability benefits should be reversed because (1) the ALJ erred in failing to consider listing 11.14 (peripheral neuropathies); (2) the RFC determination is not supported by substantial evidence; and (3) the ALJ failed to fully and fairly develop the record. These arguments are not persuasive. No error occurred, and the ALJ's decision to deny benefits is supported by substantial evidence.

Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion."[15] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to support the determination that Minick is not disabled.[16]

---

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny any applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[15]*Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (internal quotations and citations omitted).

[16]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

**Listing 11.14.** Minick asserts that she meets listing 11.14 for peripheral neuropathy, and it was error for the ALJ to fail to consider such. To establish that she meets listing 11.14, Minick would have to present evidence of significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station.[17] In her brief, however, Minick does not present specific medical evidence to support her assertion that the criteria of the listing are satisfied. It is Minick's burden to prove that her conditions meet or equal all of the specified medical criteria in a listing.[18] She has not met that burden. Her argument is not persuasive.

**RFC assessment.** Minick maintains that the RFC determination is not supported by substantial evidence. This argument is not persuasive.

With respect to Minick's diabetes, it appears that it is well controlled. Following a change in her treatment in September 2012, it was noted that Minick was feeling much better.[19] Her physician concluded that there was improved control over the diabetes.[20] Three months later, Minick's A1C level was 6.4% and it was noted that the diabetes was controlled.[21] The final

---

[17]20 C.F.R. pt. 404, subpt. P, app. 1, § 11.14.

[18]*See McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011).

[19]SSA record at pp. 358 & 380.

[20]*Id.* at p. 381.

[21]*Id.* at pp. 375 & 377.

medical record addressing diabetes notes that it is still controlled.[22] An impairment that is well controlled cannot be considered disabling.[23]

Minick has also complained of pain/numbness/tingling in her feet, and maintains that the symptoms are so severe as to render her disabled. The records do not support this allegation. Importantly, the diagnostic tests and physical examinations performed on her extremities have been normal. In April 2013, Minick was referred to a neurologist for possible neuropathy. Electromyography (EMG) and nerve conduction velocity (NCV) studies were conducted and were normal.[24] In September 2012, Minick's treating physician noted that she had a normal gait and normal balance, and no involuntary movements were observed.[25] In a January 2013 treatment note, the treating physician observed normal right and left feet and toes.[26] Normal findings were noted in April 2013 as well.[27] Although the neurologist opined in April 2013 that Minick may have small fiber neuropathy that would cause significant burning sensation and pain,[28] there is no evidence that Minick ever returned to this physician for further evaluation or

_____

[22]*Id.* at p. 391.

[23]*See Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[24]SSA record at p. 388.

[25]*Id.* at p. 362.

[26]*Id.* at p. 377.

[27]*Id.* at pp. 388 & 391.

[28]*Id.* at p. 388.

treatment. Additionally, Minick has consistently been treated with gabapentin for her foot pain/numbness/tingling. Such consistency suggests that the treatment is successful.[29]

Although Minick complains of back pain, the records do not establish that it is disabling. During the relevant time period Minick sought treatment for back pain only once.[30] Prior to the alleged onset date a physician noted back pain, but stated that x-rays identified only some disc space narrowing in the lower lumbar spine.[31] Such facts support the RFC.

The assessments conducted by state physicians further support the RFC. In May 2012, after review of the medical records, a state physician determined that Minick is capable of light work.[32] This assessment was affirmed in July 2012 by a second state physician.[33]

Minick's reported activities of daily living provide additional support for the RFC. In the Function Report, Minick stated that she does laundry, dusting and dishes and prepares meals daily.[34] She cares for pets and has no problem with her personal care.[35] She also goes out everyday, can go out alone and drives a car.[36] Two to three times a week Minick shops in stores

---

[29]To support her allegations of disabling symptoms in her feet, Minick seems to place great weight on the medical source statement completed by a podiatrist. SSA record at p. 394. Importantly, it does not appear that there are any treatment records from this physician. Further, there is no mention of neuropathy in the statement. In the list of "objective medical findings," the physician notes only antalgic gait and plantar fascitis. *Id.*

[30]SSA record at p. 388.

[31]*Id.* at p. 307.

[32]*Id.* at p. 351.

[33]*Id.* at p. 357.

[34]*Id.* at p. 165.

[35]*Id.* at p. 164.

[36]*Id.* at p. 166.

for household items and food.[37] Every week she goes to church and goes out to eat at least

once.[38] Even with her alleged impairments, Minick stated that she is able to walk half a mile

before resting.[39] These activities support the RFC.

A reasonable mind would accept the evidence as adequate to support the ALJ's RFC

determination. The RFC is supported by substantial evidence and no error occurred.

**Record development.** Minick maintains that the ALJ failed to fully and fairly develop

the record. This argument is not persuasive.

It is the responsibility of the ALJ to "fully and fairly develop the evidentiary record."[40]

"Failing to develop the record is reversible error when it does not contain enough evidence to

determine the impact of a claimant's impairment on his ability to work."[41] "While an ALJ does

have a duty to develop the record, this duty is not never-ending . . . . The ALJ is required to order

medical examinations and tests only if the medical records presented to him do not give

sufficient medical evidence to determine whether the claimant is disabled."[42] As reviewed above,

the record is quite extensive, spanning over two years. In addition to treatment records, there are

diagnostic reports, lab results, state assessments and Minick's own descriptions of how her

---

[37]*Id.*

[38]*Id.* at p. 167.

[39]*Id.* at p. 168.

[40]*Byes v. Astrue*, 687 F.3d 913, 915-916 (8th Cir. 2012).

[41]*Id.* at 916.

[42]*McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (internal citations omitted).

impairments affect her ability to work. This evidence provided a complete picture of Minick's disability status. No further development was necessary.

**Conclusion.** Substantial evidence supports the ALJ's decision. No legal error occurred. For these reasons, the court DENIES Minick's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 8th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE